[Cite as *Jaun v. Ohio Dept. of Transp., Dist. 8*, 2009-Ohio-7165.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREGORY JAUN

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

      Defendant

      Case No. 2009-06702-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

**{¶ 1}** 1) On July 19, 2009, at approximately 8:00 a.m., plaintiff, Gregory Jaun, was traveling on Interstate 275 in Hamilton County, when his 2005 BMW 645ci struck a large pothole causing wheel damage to the vehicle. Plaintiff specifically located the damage-causing pothole "on the temporary entrance ramp from I-275 West onto I-75 North."

**{¶ 2}** 2) Plaintiff implied his property damage was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects, such as potholes. Plaintiff filed this complaint seeking to recover $380.72, the cost of automotive repair he incurred resulting from the July 19, 2009 incident. The filing fee was paid.

**{¶ 3}** 3) Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular pothole prior to plaintiff's property damage event. Defendant maintained ODOT records show no prior calls or complaints were received regarding the particular pothole which defendant located at

state milepost 43.32 on Interstate 275 in Hamilton County. Defendant asserted plaintiff has failed to produce any evidence to establish the length of time the pothole at milepost 43.32 existed prior to 8:00 a.m. on July 19, 2009. Defendant suggested "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant contended plaintiff has not proven his property damage was attributable to any conduct on the part of ODOT personnel. Defendant submitted a copy of its maintenance records for Interstate 275 in Hamilton County and these records show ODOT personnel patched potholes in the vicinity of plaintiff's damage occurrence on February 25, 2009. No additional pothole repairs were conducted in the area until after July 19, 2009. Defendant explained "if ODOT personnel had detected any defects they would have been promptly scheduled for repair." Defendant argued plaintiff has failed to prove his property damage was caused by any breach of ODOT's duty of care to maintain the roadway.

## CONCLUSIONS OF LAW

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67

Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

**{¶ 7}** Ordinarily in a claim involving roadway defects, plaintiff must prove either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no evidence defendant had actual notice of the pothole plaintiff's car struck. Therefore, to establish liability plaintiff must produce evidence of either constructive notice or negligent maintenance.

**{¶ 8}** "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 49. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d at 4, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

**{¶ 9}** Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the

defective condition (pothole) developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no evidence of constructive notice of the pothole. Also, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff failed to show the damage-causing pothole at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREGORY JAUN

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

Defendant

Case No. 2009-06702-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Gregory Jaun
8 Rose Lane Farm
Loveland, Ohio  45140

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
10/14
Filed 11/18/09
Sent to S.C. reporter 3/5/10